CARRIE F. COBB, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

*Request to charge — the court is not obliged to charge what is proper and reject the rest of the request.*

The court is not called upon to dissect a request to charge and eliminate therefrom such matter as it is not proper to charge, and charge the remainder. If the request as a whole is not correct, no error can be based upon the refusal of the court to charge it.

In an action to recover damages for personal injuries, the plaintiff's testimony was to the effect that while being escorted by a policeman across the defend-

ant's street car tracks her progress was impeded by a wagon, and that she was unable to get off the tracks until she was struck by a car. The defendant's evidence tended to show that the plaintiff and the policeman had crossed the tracks once, but had been driven back thereon by an approaching wagon.

*Held*, that it was not error to refuse a request to charge that "The gripman was not bound to anticipate that the policeman, having once crossed the track, would step back into a place of danger, and the gripman had a right to assume that, having once crossed the track, if you so find, the policeman would remain in a place of safety," or that "If the policeman stepped back six feet in front of the car and too near to avoid an accident, while this would not be contributory negligence attributable to the plaintiff, yet she could not succeed in this suit, because in that case it would become an unavoidable accident so far as the railroad is concerned, and there could be no recovery," as such a request would not be applicable to the plaintiff, unless she had stepped off the tracks and then stepped back thereon.

APPEAL by the defendant, the Metropolitan Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of May, 1900, upon the verdict of a jury for $6,875, and also from an order entered in said clerk's office on the 4th day of June, 1900, denying the defendant's motion for a new trial made upon the minutes.

*Charles F. Brown*, for the appellant.

*Stephen C. Baldwin*, for the respondent.

RUMSEY, J.:

The plaintiff, while crossing Broadway near Grand street, was struck by a car of the defendant going down town. Her testimony and that of her witnesses tended to show that she was crossing the street under the escort of a policeman; she was just about to step off the western-most rail of the south-bound track, but had not done so, when her progress was impeded by a wagon, which came between her and the sidewalk, and she was unable to get off the rail until the defendant's car had struck her. The evidence of the defendant tended to prove that she was crossing with the policeman; that the gripman had slowed up in response to a signal of the policeman to let them cross the track; that the policeman and the plaintiff had stepped off the track and were entirely clear of the rails, and the gripman, supposing that they were out of the way,

permitted his car to go ahead, when an approaching wagon drove them back upon the track so close to the car that the gripman was unable to check its speed, and the plaintiff was struck and injured.

There can be no doubt that the policeman was escorting the plaintiff across the street when the accident occurred. The plaintiff testified substantially that she never stepped off the track, but that before she got across it her progress was impeded by the wagon, which turned into the street and was driven between the car and the curb, towards which the plaintiff and the policeman were proceeding. So upon the evidence the jury might have found that the policeman had gone entirely over the tracks and was clear of the rails while the plaintiff was still upon them.

The court charged the jury that the claim of the plaintiff was that she and the policeman were on the tracks, and that the gripman, without the exercise of reasonable care to stop his car, struck them and knocked them down, and he submitted the question whether that contention was sustained by the evidence, calling attention to the testimony of the defendant, which tended to show that the policeman and the plaintiff had both left the track and passed beyond it a sufficient distance to justify the gripman in resuming his course, upon the supposition that the car was not likely to strike them, and he told the jury particularly that the issue of fact was whether they had left the track, as the testimony of the defendant's witnesses tended to prove, or whether they were still within the line of the rails, and the gripman, without reasonable care, struck them and knocked them down.

The judge was asked to charge that "The gripman was not bound to anticipate that the policeman, having once crossed the track, would step back into a place of danger, and the gripman had a right to assume that, having once crossed the track, if you so find, the policeman would remain in a place of safety," and, also, "If the policeman stepped back six feet in front of the car and too near to avoid an accident, while this would not be contributory negligence attributable to the plaintiff, yet she could not succeed in this suit, because in that case it would become an unavoidable accident so far as the railroad is concerned, and there could be no recovery."

The court refused these requests, and this refusal is alleged as

error, by reason of which this judgment should be reversed. There can be no doubt of the rule of law that it is not error for the court to refuse to charge any request unless such request is in all respects correct. The court is not called upon to dissect a request, eliminating that which is not sound and charging the remainder, nor is it bound to make changes in a request, but it should take the request as a whole and charge it if it is correct, and if not, refuse to charge it; and if the request as a whole is not correct, no error can be predicated from the refusal of the court to charge it. (*Hamilton* v. *Eno*, 81 N. Y. 116, 127 ; *Lawson* v. *Metropolitan Street R. Co.*, 40 App. Div. 308.) If this rule be applied to these two requests there can be no doubt that the refusal of the court to charge them was not error. As has been seen, the jury might have found from the evidence that the plaintiff was still upon the tracks when the policeman had passed over them and reached a place of safety. The requests are addressed simply to the location of the policeman, but the fact that the policeman had stepped off the tracks and then stepped back upon them is not decisive upon the negligence of the. defendant towards the plaintiff unless the plaintiff also had stepped off and then back again. No matter where the policeman was, the gripman was not justified in starting his car ahead unless the plaintiff had also reached such a place outside the rails as the jury might assume to be a place of safety. The requests, however, paid no attention to the situation of the plaintiff, but only referred to the policeman, and under these requests the jury would have been justified in finding a verdict for the defendant, although upon the evidence they were satisfied that during all that time the plaintiff was still in the middle of the track. This is a perfect answer to the claim of the defendant and a complete justification of the refusal of the court to make the charge as requested.

It is claimed that the verdict is excessive. The testimony shows that after the accident the plaintiff suffered from very serious injuries. It is claimed that the evidence shows that some of the diseases which she had after the accident she had also had before she was hurt. Whether that were true or not was for the jury to say. It appears from the testimony of Dr. Pierce that although she had had previously some of the diseases which manifested themselves after the accident, yet she had recovered from them, and the

jury might have inferred that the injuries from which she suffered at the time of the trial were solely the result of the accident. There were no errors in the rulings of the court and the conclusions of the jury were correct, and for these reasons the judgment and the order must be affirmed, with costs.

Van Brunt, P. J., Patterson, O'Brien and McLaughlin, JJ., concurred.

Judgment and order affirmed, with costs.