Frank S. McCullough, J.
This is an action brought to recover damages for personal injuries sustained as a result of the negligence of the defendant.
The jury awarded the plaintiff the sum of $80,000. Appropriate motions were made by defendant’s counsel after the *13 verdict, all of which wore denied, with the exception of the motion to set aside the verdict on the ground of cxccssiveness, upon which the court reserved.
Chancellor [then Chief Justice] Kent, many years ago, in Coleman v. Southwick (9 Johns. 45, 52) laid down the rule for setting aside verdicts in the following language: “ The damages, therefore, must be so excessive as to strike mankind, at first blush, as being, beyond all measure, unreasonable and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice, or corruption ”.
No verdict of a jury should be so characterized by any Trial Judge who is called upon to substitute his own judgment for that of a jury unless he is prepared to hold that the the jury, whose function it is to determine the facts, failed to fulfill its sworn duty to ‘ ‘ well and truly try the issues of the case and a true verdict render
Was this verdict “beyond all measure, unreasonable and outrageous? ”
To reach a reasoned conclusion, it is necessary to examine the evidence.
The medical testimony of the plaintiff was not controverted by any medical testimony on behalf of the defendant. It was conceded by the defendant that the plaintiff had been examined by a doctor on behalf of the defendant. The injuries and the physical curtailment of functioning were visibly exhibited to the jury. They were not of a nature to so arouse the passions or prejudice of the jury, that sympathy would have been substituted for judgment. It was conceded that the plaintiff’s life expectancy was 36 years. The proof also established that the plaintiff would be unable to resume his previous occupation although his present employment as a temporary foreman is more remunerative than his past employment. There is no assurance, or more important, no proof that the present job is not subject to termination at the will of the employer; if such an event were to occur, the medical proof is undisputed that the plaintiff would be unable to resume the employment he was engaged in at the time of the accident.
If the trial court is to limit the judgment of the triers of the facts it may well be that the time has come when the court, after the enactment of proper legislation, should restrict, by instruction to the jury, the minimum and maximum amounts to be awarded in the event of a recovery. Frankly this court does not advocate or favor such restrictions upon the triers of the fact. The rules laid down by Chancellor Kent are sufficient protection against unconscionable or unreasonable verdicts.
*14 What- seems §kd§ssiv@ to a deféndaüt, might well be regarded by a plaintiff who has sustained permanent injuries, endured pain, and suffered a curtailment Of employment opportunities, as inadequate.
This court is not prepared to hold, after hearing the evidence, reviewing the injuries and observing the eonduet of the witnesses, that this verdict is unreasonable and outrageous. The motion is, therefore, denied.