## (January 14, 1963)

■ HOWARD ATKINS, Respondent, v. NEW YORK STATE ELECTRIC & GAS CORPORATION, Appellant.— In a negligence action to recover damages for personal injury, defendant appeals: (1) from a judgment of the Supreme Court, Westchester County, entered February 16, 1962 after trial upon a jury's verdict of $80,000 in plaintiff's favor; and (2) from the denial of its motion to set aside said verdict, pursuant to section 549 of the Civil Practice Act. Judgment reversed on the law and facts, and a new trial granted, with costs to abide the event, unless, within 30 days after entry of the order hereon, plaintiff shall stipulate to reduce to $50,000 the amount of the verdict in his favor, in which event the judgment, as so reduced, is affirmed, without costs. Appeal from the "denial" of defendant's motion to set aside the verdict dismissed, without costs. No order on such ruling is printed in the record (*Kress* v. *Siegel*, 16 A D 2d 978). Plaintiff, who was employed as a lineman by a third party (Robert E. Foley Construction Company), sustained fractures of the wrist and jaw when a 35-foot pole, which was owned, installed and maintained by the defendant, fell to the ground while plaintiff was working near its top. In our opinion, questions of fact were presented as to defendant's negligence, as to plaintiff's freedom from contributory negligence, and as to proximate cause; and these questions were resolved by the jury in plaintiff's favor on sufficient proof. We are also of the opinion that defendant's requests to charge were properly denied (cf. *Mullins* v. *Siegel-Cooper Co.*, 183 N. Y. 129, 139–140; *Cobb* v. *Metropolitan St. Ry. Co.*, 56 App. Div. 187, 190). We are of the opinion, however, that the jury's verdict was excessive and that it should be reduced to $50,000. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur. [36 Misc 2d 12.]

■ FRANK H. BARBIERI, as Executor of MARY BARBIERI, Deceased, Respondent, v. MANUEL MARTINEZ, Appellant.— In a negligence action to recover damages for personal injury sustained in an automobile accident by Mary Barbieri who, pending this appeal died from causes unrelated to the accident, the defendant appeals from a judgment of the Supreme Court, Queens County, entered December 18, 1961, after trial, upon a jury's verdict in favor of the said Mary Barbieri. Judgment affirmed, with costs. No opinion. Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur.

■ In the Matter of CITY TANK CORPORATION, Appellant, v. DIRECTOR OF PURCHASING OF THE TOWN OF HEMPSTEAD et al., Respondents.— In a proceeding under article 78 of the Civil Practice Act by an unsuccessful bidder, to compel the respondent Director of Purchasing of the Town of Hempstead to annul four separate purchase orders issued by him to the successful bidders, the respondents Reuper GMC Sales Corp. and O'Neill Ford, Inc., upon their sealed bids for 36 garbage collection vehicles, petitioner appeals: (a) from an order of the Supreme Court, Nassau County, dated September 24, 1962, which dismissed its petition; and (b) from an order of the same court, dated October 4, 1962, which denied petitioner's motion for a rehearing of said application on additional facts or, in the alternative, to direct a trial of the issues presented by the pleadings. Orders affirmed, without costs. No opinion. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.